IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALFREDO ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL FRANKLIN et al.,<br><br>Defendants. | **MEMORANDUM DECISION &**<br>**ORDER GRANTING MOTION FOR**<br>**SUMMARY JUDGMENT**<br><br><br>Case No. 1:14-CV-159-RJS<br><br>District Court Judge Robert J. Shelby |

Plaintiff, Alfredo Alvarado, asserts Defendants Franklin (nurse) and Roskelly (sheriff's deputy) violated his civil rights during a medical visit while he was imprisoned at Weber County Jail (WCJ). About Defendant Franklin, Plaintiff alleges, "Nurse Franklin inappropriate touch me without Deputy present and fully naked. She touch me in the inner thigh from my ankles to my scrotum and penis." [Sic] About Defendant Roskelly, Plaintiff alleges that Roskelly stepped out of the room during the medical visit, which gave Defendant Franklin the opportunity to sexually harass him. Before the Court is Defendants' Motion for Summary Judgment. (Docket Entry # 28.)

Defendants filed exhibits with their summary-judgment motion, including their declarations describing the medical-exam incident from each of their perspectives. Plaintiff responded, but without observing the Court's order, which said:

> Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege

1

> specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

(Docket Entry # 17.) Thus, relevant evidence here has all been provided by Defendants, unopposed by Plaintiff.

## ANALYSIS

### I.     Summary-Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Factual assertions may be supported by

> citing to parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at 56(c)(1). A primary purpose of the summary-judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 324 (1986).

The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Rule 56 requires a

nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

## II.  Statement Of Undisputed Facts

1. Plaintiff was housed at WCJ during all relevant times regarding his claims.

2. Defendant Franklin is a nurse at WCJ who had a medical visit with Plaintiff on September 6, 2014, when she examined--at his request--"his lymph nodes in his inguinal area," after having him pull his pants two inches beneath his waist. "None of his private parts were exposed during this examination." (Franklin Decl. at ¶¶ 1, 2, 5, 8, 9, & 10.)

3. Defendant Roskelly is a law enforcement officer at WCJ who was standing in the doorway outside the room during Defendant Franklin's medical visit with Plaintiff. (Roskelly Decl. at ¶¶ 7 & 8.)

## III.  Cruel and Unusual Punishment

To prove that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by unwanted sexual touching and (presumably) failure to protect him from that touching, Plaintiff must present admissible evidence showing that Defendants acted with deliberate indifference to a serious harm--e.g., that they intentionally caused injury. *See Estelle*

*v. Gamble*, 429 U.S. 97, 105 (1976).  A defendant must have a sufficiently culpable state of mind to be termed "deliberately indifferent."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  And, the defendant's "state of mind" is evaluated from a subjective standard:  "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  The deliberate indifference standard applied in Eighth Amendment cases equates with the "subjective recklessness" standard of criminal law.  *Id*. at 839-40.

Plaintiff has not provided admissible evidence, but instead impermissibly relies on mere allegations.  The Court's thorough review of the uncontroverted evidence (Defendants' declarations) reveals a lack of evidence supporting any element of Plaintiff's case.  Thus, this Court concludes that the undisputed material facts do not show that either Defendant inflicted harm of any kind on Plaintiff.  This means that there was no constitutional violation in this case.

## CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice.  This case is **CLOSED**.

DATED this 28th day of September, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge